BRITTINGHAM v. DUTTON

---

(June 18, 1928. Opinion and Decree.)

---

(Syllabus by the Court)

1. Louisiana Digest — Automobiles — Par. 4(d), 7.

Negligence resulting from violation of an ordinance fixing the age of a chauffeur will not suffice for judgment, where the other party was guilty of contributory negligence.

Appeal from Division "D," Civil District Court. Hon. Porter Parker, Judge.

Action by James N. Brittingham, Sr., against Houston Dutton.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Jas. N. Brillingham, Jr., and Albert E. Moulin, of New Orleans, attorneys for plaintiff, appellant.

Geo. Montgomery and Jas. J. Landry, of New Orleans, attorneys for defendant, appellee.

JONES, J. Plaintiff sued defendant for six hundred seven ($607.00) dollars, value of Studebaker coupe, plus towing charge.

He alleges as follows:

On December 25, 1925, about 9 a. m., his daughter was driving his Studebaker in Willow Street, from Peters Avenue to Napoleon Avenue, when it was suddenly

run into by a Dodge coach, owned by defendant, but then driven by his young son, Clarence, who was crossing Willow Street on Robert at an illegal speed (without stopping) from the river to the lake; Clarence was driving the car with the knowledge and consent of his father; petitioner's daughter was driving his automobile in a very cautious manner, but defendant's automobile was crossing at the rate of 30 or 35 miles an hour ·in a reckless manner.

Defendant denied all indebtedness to plaintiff and all allegations in plaintiff's petition, except the location of the accident, which defendant admitted; he especially alleged that plaintiff's coupe, at the hour and place stated, was being driven in a careless, reckless and unskillful manner, and at an excessive rate of speed by his daughter; that plaintiff's coupe crashed into defendant's car, and that if defendant was in any way negligent, plaintiff's driver was guilty of contributory negligence.

Then, assuming the position of plaintiff in reconvention, he charged that his automobile was damaged to the extent of fifty-eight ($58.00) dollars, through the sole negligence of the driver of plaintiff's daughter especially alleging the following acts of negligence on her part: crossing an intersection at twenty-five miles an hour, at a rate of speed far in excess of that which a careful and cautious driver would have risked, considering the possibility of accident and the volume of traffic passing at Robert and Willow Streets; (2) failure to have her coupe under control; (3) though said coupe was intended to seat only two people, at that time two other young ladies and one young man were in it, thus crowding the said coupe beyond capacity, obstructing the driver's view, and interfering with the operation of said car.

The trial judge, after hearing all of the evidence, closed the case with the following remark:

"I am prepared to decide this case now. I think both parties to this case are guilty of negligence, one about as equally guilty as the other.

"Let there be judgment for the defendant on the main demand, and judgment dismissing the reconventional demand."

Only questions of fact are involved and the testimony of the fourteen witnesses is highly conflicting.

The following facts are substantially undisputed: Plaintiff's daughter, then aged sixteen, was driving a Studebaker coupe, built for two passengers, down Willow Street about nine o'clock Christmas morning at a speed of twenty to twenty-five miles per hour; seated on her right in the coupe was a young man, Sam Fucich, on his right was another young man, Harrison Bennett, and on the knees of this young gentleman sat a young lady; as the four approached Robert Street, a paved busy thoroughfare, there was a sign on the pavement to "Go Slow," but they did not slacken their speed much, possibly from twenty-three miles to twenty miles per hour.

Clarence Dutton, then aged twelve, was driving his father's Dodge coach out Robert Street toward the lake; on his right in the front seat was seated another colored boy, Jas. Halsey. As Clarence was coming into Willow Street to go down to Cadiz Street, two blocks below, where Clarence lived, the Studebaker and the Dodge collided and the Dodge suffered the following injuries: The left end of the front bumper was broken off, the left front fender was bent, the left front wheel was twisted a little.

After the accident the Studebaker ran into a house on the downtown lake corner of Willow and Robert Streets, broke a pipe

and stopped up on the Robert Street sidewalk. The Dodge coach was in the intersection of Willow and Robert Streets near the downtown river corner, facing down Willow Street. The Studebaker coupe was so badly damaged that it was later sold for seventy-five dollars ($75.00). Bennett describes the damage to the Studebaker as follows:

"It had a smashed right front fender, mashed running board, the beauty panel was mashed, the chassis was bent, the front axle was bent, spindle was bent, tire was cut and a rim bent."

The following facts are disputed:

The young lady driving the Studebaker coupe and the two young men with her all swear that the Dodge was coming thirty to thirty-five miles per hour, that it did not stop, but was going full speed straight across Willow Street, that they could not see the Dodge until they were in the intersection, because the streets were narrow there and there were buildings on all three corners, except the downtown river corner; that the Dodge ran head on into the right front of the coupe; they did not see the Dodge until they were in the intersection and only six feet from it.

John H. Bonnelly, a witness for plaintiff, swears he was coming up Willow Street and saw the accident about twenty-five feet from intersection; saw Dodge across vacant lot about two hundred feet from corner coming straight ahead about thirty-five miles per hour, it did not stop and struck Studebaker, which was coming about twenty-eight miles per hour; heard no horns.

On cross-examination he admits that the Studebaker and Dodge were coming about same speed, and that he could not see the Dodge as the Studebaker was blocking his view. Studebaker after accident was resting against house on downtown river corner of Robert Street and Dodge was facing the house which the Studebaker had struck almost in center of street; Dodge struck Studebaker just behind front fender in side of the car; cars were going at same speed and neither stopped.

Both young Dutton, aged twelve, and his companion, James Halsey, a boy of sixteen, testify that Dutton blew his horn and practically stopped the Dodge before turning into Willow Street to go down to his home on Cadiz Street; that they stopped, but did not see the approaching Studebaker, as there was a building on the uptown river corner of Willow and Robert Streets and they could not see very far up Willow Street; that they did not see the Studebaker until it struck them on the left front fender and bumper and turned their car to the side.

Thos. Weathers, who was standing at the uptown lake corner, swears Studebaker startled him by its rattling and coming so fast, Studebaker didn't slow up at all; it was going faster than the Dodge, but he couldn't estimate either speed; Studebaker ran into the Dodge, tore the bumper off and turned it around; Dodge had almost made the turn into Willow Street when it was struck, the front of the little car (the Studebaker) hit the left front fender and the bumper of the Dodge; did not hear any horns, did not see the Dodge stop. He concludes his testimony as follows:

"If that big car (the Dodge) was coming out as fast as the little one (the Studebaker) it would have run over the little car because the big car was much bigger than the little one."

We think that the damages done to the respective cars and the positions of the two cars after the accident confirm the testimony of this witness. If the Dodge car, which was the heavier of the two, had run into the front end of the lighter Studebaker at thirty-five miles per hour, the tremendous momentum of its speed and

weight combined would have turned the lighter car around without reversing the heavier car. The damages to the Dodge car would have been over the entire front and not just on the left front end.

We think that the driver of plaintiff's car was guilty of contributory negligence.

In Elimendorf vs. Clark, 143 La. 972, 79 So. 557, where a child was run over and killed by a boy under the age required for a license, the Supreme Court on rehearing said:

"The negligence resulting from the violation of the ordinance fixing the age of chauffeurs can serve as a ground of action only in the absence of contributory negligence on the part of the boy, or only if, after this contributory negligence had ceased, there had been a last clear chance of avoiding the accident and under the circumstances there was no such chance."

For above reasons, the judgment is affirmed.